**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DERRANCE HARRIS**                                                                                    **PLAINTIFF**

**V.**                                              **CASE NO. 4:26-CV-480 JM**

**GOLDMAN FINANCIAL,** *et al.*                                                      **DEFENDANTS**

## ORDER

Derrance Harris paid the filing fee and initiated this *pro se* case in the circuit court of Pulaski County, Arkansas on April 27, 2026 against Goldman Financial, National Fidelity Financial, Inc., First Premier Home Warranty Corp., USHealth Group, Inc., Empire Auto Protect, and CarChex, LLC.[1] (Doc. 1 at 9) (*Harris v. Goldman Financial*, *et al*., 60CV-26-5290). Summons were issued the same day. (Doc. 1 at 66–90). Harris is suing defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. and the Arkansas Deceptive Trade Practices Act alleging, *inter alia*, that each defendant has subjected Harris to repeated harassing telemarketing calls. (Doc. 2). Separate defendant CarChex, LLC removed the case to this Court on May 11, 2026. (Doc. 1).

Harris seeks remand. (Doc. 4). A review of the state docket sheet reveals that Harris filed an affidavit of service on May 18, 2026, showing he served separate defendant National Fidelity, Inc. on May 1, 2026. *See Harris v. Goldman Financial*, *et al*., 60CV-26-5290 (Aff. of Service). Harris contends that, because National Fidelity Financial Inc. was served <u>before</u> CarChex filed its notice of removal, CarChex, LLC lacked the unanimous consent required under 28 U.S.C. § 1146(b)(2)(A). (Doc. 4). CarChex, LLC argues it had no duty to seek consent at the time of

---

[1] The Court directs the Clerk to correct defendant CarChex, LLC and USHealth Group, Inc.'s names on the docket sheet. (Doc. 11; Doc. 11-4)

removal because it then had no notice of Harris's successful service on National Fidelity. (Doc. 11). The Court need not decide the matter because the point is now moot. Harris has dropped his claims against National Fidelity Financial, Inc. (Doc. 17; Doc. 24). The sole remaining served defendant, USHealth, consents to the removal. (Doc. 11-4). Accordingly, Harris's motion for remand (Doc. 4) is DENIED.

Whether Goldman Financial (Goldman), First Premier Home Warranty Corp. (First Premier), and Empire Auto Protect (Empire) have been served with either the state case or the removal is unclear. Harris has not filed a notice of proof of service on either Goldman or Empire. *See* Fed. R. Civ. P. 4(l). While Harris has filed a notice of proof of service on First Premier (Doc. 27), the Court is not convinced proper service has been secured. Harris states that he served First Premier's registered agent "The Corporation" but the returned green card is addressed to First Premier. (Doc. 27). The signature on the green card is illegible and provides no printed name indicating who signed for the papers. (*Id*.). Finally, although Harris attaches a United States Postal receipt, it too is illegible. (*Id*.). Harris's motion for entry of a clerk's default (Doc. 25) is DENIED.

The Court will *sua sponte* extend time for service, but Harris is noticed that the Court will dismiss his claims against Goldman Financial, First Premier Home Warranty Corp., and Empire Auto Protect unless proof of service is filed on or before <u>Friday, September 4, 2026</u>, or Harris establishes good cause for the failure to serve summonses and the complaint. Fed. R. Civ. 4(m) (extending time for service); 28 U.S.C. § 1447(a) (authority to bring process before all proper parties).

The Court notes that Local Rule 5.5(c)(2) instructs *pro se* parties that it is their reasonability to notify the Clerk and other parties of any change in address, to monitor the progress of the case, and to prosecute or defend the action diligently. If any communication from the Court to a *pro se*

party is not responded to within 30 days, the case may be dismissed without prejudice. Failure to respond to this Order will result in the dismissal of this lawsuit. LOCAL RULE. 5.5(c)(2).

The separate motions to dismiss and to compel arbitration (Doc. 18, 20) will be addressed in due course once they become ripe.

IT IS SO ORDERED this 8th day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE